THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| WALDEMAR BERENGUER<br>11700 Sherbrooke Woods Lane<br>Silver Spring, MD 20904<br><br>     Plaintiff,<br><br>     v.<br><br>UNIVERSITY LEGAL SERVICES, INC.,<br>220 I Street, NW, Suite 130<br>Washington, DC 20002<br><br>     Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Waldemar Berenguer ("Plaintiff" or "Mr. Berenguer"), by and through his attorneys Clark Law Group, PLLC, files this action, following the exhaustion of administrative remedies, and alleges as follows:

## NATURE OF ACTION

1. This is a challenge to University Legal Services, Inc.'s ("Defendant" or "ULS") unlawful disability discrimination, failure to accommodate, and retaliation against Plaintiff in violation of Americans with Disabilities Act ("ADA"), 42 U.S.C. 12101 *et seq.* and the D.C. Human Rights Act ("DCHRA"), D.C. Code § 2-1401.01 *et seq.*

## JURISDICTION AND VENUE

2. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

3. The United States District Court for the District of Columbia has subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights.

4. The Court may properly maintain personal jurisdiction over Defendant because Defendant conducts business in the District of Columbia.

5. Venue is properly laid in the District of Columbia because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the District of Columbia.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

7. Plaintiff has satisfied the procedural and administrative requirements for proceeding under the ADA as follows:

    a. On September 7, 2018, Plaintiff submitted an inquiry with the U.S. Equal Employment Opportunity Commission ("EEOC") describing the discrimination and retaliation he was facing.

    b. On December 14, 2018, Plaintiff filed a perfected charge with the EEOC;

    c. On July 26, 2019, Plaintiff amended his charge.

    d. On August 29, 2019, the EEOC issued its Right to Sue Letter;

    e. Plaintiff has filed this action within ninety (90) days of the receipt of the aforementioned Right to Sue Letter.

8. Plaintiff's claims under the DCHRA are timely under the statute's one-year statute of limitations as tolled during the pendency of his claims with the EEOC.

## PARTIES

9. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

10. Defendant is a District of Columbia corporation.

11. Defendant is an employer as defined by the ADA and DCHRA.

12. Plaintiff is a resident of the Maryland.

13. Plaintiff is an employee as defined by the ADA and DCHRA.

## FACTUAL ALLEGATIONS

14. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

### Mr. Berenguer Disclosed His Disabilities

15. Mr. Berenguer began his employment at ULS as the corporations Chief Financial Officer ("CFO") in or around 1997.

16. During his employment, Plaintiff has never been disciplined.

17. Mr. Berenguer has been supervised by Jane Brown, ULS Executive Director.

18. In April 2016, Mr. Berenguer disclosed to Ms. Brown that he was suffering from chronic diverticulitis and that he would need to take leave to attend doctor's appointments in the future.

19. Diverticulitis is a disability under the ADA and DCHRA.

20. Diverticulitis is a medical condition that substantially impairs the functioning of Plaintiff's gastro-intestinal system.

21. As time passed, Mr. Berenguer regularly updated Ms. Brown about his medical conditions and also disclosed his diabetes, major depression and generalized anxiety disorder.

22. Diabetes, major depression and generalized anxiety disorder are disabilities under the ADA and DCHRA.

23. Diabetes is a medical condition that substantially impairs the functioning of Plaintiff's insulin production.

24. Major depression and generalized anxiety disorder are mental health conditions that substantially impair Plaintiff's ability to think and interact with others.

25. On or around June 21, 2016, Mr. Berenguer and Ms. Brown met to discuss how his disabilities were resulting in him arriving late to work, which resulted in Mr. Berenguer staying late and/or working weekends to make up his time.

26. Mr. Berenguer was a salaried employee who was not required to record his time in the office.

27. Mr. Berenguer disclosed that he was having recent flare ups of his condition, but that he believed that his condition had improved so that he would be late less often.

**After Learning of Mr. Berenguer's Disabilities, Ms. Brown Begins to Discriminate**

28. After learning about Plaintiff's disabilities, Ms. Brown began to subject Mr. Berenguer to hostility, increased scrutiny of his work, and increased scrutiny of whenever he was absent or requested leave.

29. Ms. Brown does not subject her other subordinates to this kind of hostility or scrutiny.

30. ULS has a practice of implementing annual salary increases for its employees.

31. Despite his exemplary performance, Mr. Berenguer has not been provided a salary increase since he disclosed his disability and began taking leave.

32. Non-disabled employees of ULS have received their annual salary increases from 2016 to present.

33. In April 2017, Ms. Brown reprimand Mr. Berenguer for using all of his entitled bereavement leave when he attended a funeral in Puerto Rico.

34. On September 29, 2017, Ms. Brown removed Mr. Berenguer from a company raffle for a new iPad mini after it was announced that he won the prize.

35. In or around June 2018, Ms Brown instructed Mr. Berenguer to limit his use of comp time to only seven hours per month.

36. While this limitation is present in ULS' written policies, no other employee was held to this restriction.

37. On October 26, 2018, Ms. Brown falsely claimed that Mr. Berenguer had used an unprofessional tone in an email.

**Ms. Brown Negatively Reacts to Mr. Berenguer Taking Leave for His Disabilities**

38. Whenever Mr. Berenguer took leave because of his disabilities, Ms. Brown has repeatedly pressured Mr. Berenguer to come back to work.

39. For example, when Mr. Berenguer was hospitalized on January 31, 2017, Ms. Brown told Mr. Berenguer that unless he was on his deathbed, he needed to be in the office, and demanded that he return to work.

40. Ms. Brown repeatedly complained about Mr. Berenguer having excessive absences whenever he was absent because of his disabilities, despite him maintaining a positive sick leave balance.

41. On February 2, 2018, Mr. Berenguer told Ms. Brown that he would be leaving work early because he was feeling ill and needed to see a doctor.

42. In response, Ms. Brown threw a bottle of her prescription medication on Mr. Berenguer's desk and told him to take her medication instead.

43. After being informed that Mr. Berenguer needed to attend therapy appointments once a week for his mental health disabilities, Ms. Brown required Mr. Berenguer to report to her each and every time he left and returned from work, despite Mr. Berenguer being a salaried employee that does not clock in or out of work.

44. Ms. Brown does not require her other subordinates or other salaried employees to notify her or their supervisor whenever they are absent for appointments.

**Ms. Brown's Harassment Worsens After Receiving Plaintiff's EEOC Charge**

45. On December 14, 2018, Mr. Berenguer executed his perfected EEOC charge.

46. On information, ULS received a copy of the charge shortly thereafter.

47. After Mr. Berenguer submitted his charge, Ms. Brown's harassment of Plaintiff worsened.

48. Beginning in March 2019, Ms. Brown required that Mr. Berenguer provide a note for each and every doctor's appointment. No other employees are subject to this requirement.

49. Ms. Brown began to repeatedly threaten to lower Mr. Berenguer's salary.

50. In the summer of 2019, Mr. Berenguer requested and was approved for leave under the D.C. Family and Medical Leave Act.

51. Near of the close of Mr. Berenguer's DCFMLA leave, Plaintiff requested to discuss future needed accommodations for his disabilities, including intermittent leave and time off work for appointments related to his disabilities.

52. Defendant has refused to engage in any interactive process about Mr. Berenguer's future need for leave and time off work without first requiring Plaintiff to execute a release of claims against the company.

**COUNT I: HOSTILE WORK ENVIRONMENT**

53. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

6

54. Plaintiff has a disability.

55. Plaintiff engaged in protected activity via his requests for accommodation and submitting his EEOC Charge.

56. Since disclosing his disability and requesting accommodations for his disability, Ms. Brown has created a hostile work environment that was so severe or pervasive as to alter the terms and conditions of his employment.

57. After Plaintiff submitted an EEOC Charge, the hostile work environment worsened.

58. Ms. Brown subjected Plaintiff to a hostile work environment because of his disability and/or protected activities.

## **COUNT II: FAILURE TO INCREASE SALARY**

59. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

60. Plaintiff has a disability.

61. Plaintiff engaged in protected activity via his requests for accommodation and submitting his EEOC Charge.

62. Since disclosing his disability and requesting accommodations for his disability, Ms. Brown has failed to provide Plaintiff with annual salary increased.

63. On information and belief, Plaintiff's non-disabled coworkers who did not engage in protected activity received their annual salary increase.

64. Defendant did not increase Plaintiff's salary because of his disability and/or protected activities.

## COUNT III: RESTRICTIONS ON USE OF COMP TIME

65. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

66. Plaintiff has a disability.

67. Plaintiff engaged in protected activity via his requests for accommodation.

68. Ms. Brown restricted Plaintiff's use of comp time.

69. On information and belief, Plaintiff's non-disabled coworkers who did not engage in protected activity did not have a similar restriction imposed on them.

70. Defendant restricted Plaintiff's use of comp time because of his disability and/or protected activities.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court grant the following relief:

A. Entry of judgment in favor of Mr. Berenguer and against Defendant;

B. Back pay;

C. Compensatory damages;

D. Attorneys' fees and costs; and

E. Other such relief as may be appropriate to effectuate the purposes of the ADA and the D.C. Human Rights Act.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated: November 27, 2019

                                        Respectfully submitted,

                                        <u>/s/ Jeremy Greenberg</u>
                                        Jeremy Greenberg (1024226)
                                        Denise M. Clark (420480)
                                        Clark Law Group, PLLC
                                        1100 Connecticut Ave, N.W., Suite 920
                                        Washington, D.C. 20036
                                        (202) 293-0015
                                        jgreenberg@benefitcounsel.com
                                        dmclark@benefitcounsel.com